## In re Erie Trust Company. No. 2

*English, Quinn, Leemhuis & Tayntor*, for petitioners.
*Alban W. Curtze* and *John B. Brooks*, contra.

HIRT, J., March 25, 1935.—This is a petition for the allowance of the claim of Mrs. Mary Winston, trustee for Mary G. Winston, as a depositor in the Erie Trust Company.

Among the records of the Erie Trust Company there is a ledger card account of original entry showing a balance on June 12, 1931, of $16.86 to the credit of the petitioner on savings account No. 40833. On that date Erie Trust Company, in effect, appropriated this balance, transferred it to its profit account, and noted on the ledger card "balance credited to 'miscellaneous.'"

Paragraph 2 of section 1002 of the Department of

Banking Code of May 15, 1933, P. L. 565, in part provides:

"Any depositor . . . who shall not present his claim within the designated time and in the manner provided by this section, shall be bound by the amount appearing to be due to him upon the books or records of the institution".

This account, presumably because inactive for over 10 years, was appropriated by the bank, and wholly without justification so far as the record is concerned. The notation "balance credited to 'miscellaneous'" on the ledger card, without the knowledge or consent of the depositor and without proof of legal right to so credit the balance, does not change the character of this ledger account as a record of the institution upon which appears the amount due petitioner. Since there is such record, the right of the depositor, under the above act of assembly, to share in distribution is not barred by failure to file a formal claim, for if a depositor is bound by the amount appearing to be due, the receiver is likewise bound.

And now, to wit, March 25, 1935, the claim of Mrs. Mary Winston, trustee for Mary G. Winston, as a depositor, is allowed in the sum of $16.86 with interest thereon from June 12, 1931, to the date of the closing of Erie Trust Company.